UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS MICHAEL ORTIZ,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA ATTORNEY GENERAL,<br><br>Respondent. | No. 2:18-cv-1563 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDTIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has additionally filed a number of other motions, notices, and requests. (ECF Nos. 8, 9, 10, 11, 12, 13, 14, 15, 16, 17.) For the reasons set forth below, the court will dismiss the petitioner without prejudice.

**I.    The Petition**

Petitioner states the basis for relief is his 2012 conviction and sentence in the Butte County Superior Court. (ECF No. 1 at 1.) The court's records reveal that petitioner previously filed a petition for writ of habeas corpus attacking the same conviction and sentence challenged in the instant case.[1] The previous petition was filed on March 30, 2016, and denied on the merits on

---

[1] A court may take judicial notice of its own records and the records of other courts. See <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

1

March 20, 2018.  See Ortiz v. Baughman, Case No. 2:16-cv-0659 KJM CKD P.  Before petitioner can proceed with the instant petition, he must move in, and obtain from, the Ninth Circuit Court of Appeals, an order authorizing the district court to consider the merits of his successive petition.  See 28 U.S.C. § 2244(b)(3).  Absent such authorization, the instant petition must be dismissed without prejudice.  Id.

Because petitioner previously filed a petition for writ of habeas corpus attacking the same conviction and sentence challenged in this case, his petition must be dismissed without prejudice to its re-filing should petitioner obtain authorization from the Ninth Circuit Court of Appeals.  Additionally, petitioner's motion requesting a hearing (ECF No. 9) and motion for emergency action (ECF No. 17) should also be denied.

**II.    Petitioner's Other Filings**

In addition to the petition, petitioner has also filed numerous motions, notices, and requests.  (ECF Nos. 8, 9, 10, 11, 13, 14, 15, 16, 17.)  These filings largely reiterate the claims and requests contained in the petition as well as allegations that petitioner is not receiving adequate medical care and all of his prison administrative grievances have been denied.  The court will deny petitioner's motion for medical treatment (ECF No. 10) because conditions of confinement claims cannot be redressed through a habeas petition

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is not the proper vehicle for petitioner to challenge the conditions of his confinement.

> "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . , 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."  An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).  Claims regarding the conditions of petitioner's confinement, as opposed to the validity or duration of his confinement, must be brought in a civil rights action.  Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979).

////

2

If petitioner would like to bring a claim challenging the conditions of his confinement under 42 U.S.C. § 1983, including the quality of his medical care, plaintiff must commence a separate civil rights action by filing a complaint together with an application to proceed in forma pauperis or payment of the filing fee.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to randomly assign a district judge to this action; and

2. The Clerk of the Court is directed to send plaintiff, together with a copy of this order, a blank civil rights complaint and a blank application to proceed in forma pauperis used by prisoners in this district. Plaintiff may complete and file these documents to commence a new civil rights action.

Further, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice because it is premised on an unauthorized successive petition for writ of habeas corpus under 28 U.S.C. § 2254;

2. Petitioner's motion for a hearing (ECF No. 9) be denied; and

3. Petitioner's motion for an emergency hearing (ECF No. 17) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The documents should be captions "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 14, 2018

DLB:12
DLB:1/Orders/Prisoner-Habeas/orti1563.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE